## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| JANSSEN ORTHO LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 13-00052 |
| UNITED STATES, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| JANSSEN ORTHO LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 14-00094 |
| UNITED STATES, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| JANSSEN ORTHO LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 14-00198 |
| UNITED STATES, | : | |
| Defendant. | : | |

### PLAINTIFF'S CONSENT MOTION TO ASSIGN SUBJECT ACTIONS AND STAY SUCH ACTIONS

Pursuant to U.S. Court of International Trade Rules 7(b), 77(e)(1), and 83(b), Plaintiff

Janssen Ortho LLC ("Plaintiff") respectfully moves the Court to assign Court Nos. 13-00052, 14-

13098827

00094, and 14-00198 ("Subject Actions") to the Honorable Jennifer Choe-Groves and to stay them. Defendant United States ("Defendant") consents to the relief sought by Plaintiff's Motion. Because good cause supports Plaintiff's request, the Court should grant the Consent Motion.

## BACKGROUND

Between September 2010 and March 2012, Plaintiff imported darunavir ethanolate and later successfully challenged U.S. Customs & Border Protection's ("CBP") classification of those imports in an action (Court No. 13-00296 ("Litigated Case"))[1] decided by Judge Choe-Groves of this Court. *Janssen Ortho LLC v. United States*, 425 F. Supp. 3d 1352, 1366 (Ct. Int'l Trade 2020). On appeal, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed this Court's judgment. *Janssen Ortho LLC v. United States*, 995 F.3d 981, 992 (Fed. Cir. 2021). The Federal Circuit issued its mandate on July 19, 2021, and Defendant declined to file a petition for writ of certiorari with the Supreme Court before the deadline lapsed on October 18, 2021.

Meanwhile, in 2013 and 2014, Plaintiff filed the Subject Actions, which challenge denied protests concerning the classification of other entries of darunavir ethanolate imported by Plaintiff. *See* Court No. 13-052, ECF No. 1; Court No. 14-094, ECF No. 1; Court No. 14-198, ECF No. 1. The Litigated Case and the Subject Actions each pivot on the common question whether Plaintiff's darunavir ethanolate imports are eligible for duty-free treatment pursuant to General Note 13 of the Harmonized Tariff Schedule of the United States (HTSUS), such that their classification under

---

[1] Plaintiff did not seek to formally designate Court No. 13-00296 as a test case under Rule 83(f). The Court may designate an action as a "test case" if it raises "the same significant question of law or fact that is intended to proceed first to final determination and serve as a test of the right to recovery in the other actions." Rule 83(e). Because the Court has already finally resolved the core classification at issue in *Janssen*, the parties do not believe that designation of Court No. 13-00296 is appropriate at this time.

13098827

heading 2935 includes the Special "K" designation. The Court answered this question affirmatively in *Janssen*, and the Federal Circuit thereafter affirmed.

After Plaintiff initiated the Subject Actions, the Court initially placed them on the Reserve Calendar. *See, e.g.*, Court No. 13-052, ECF No. 7; Court No. 14-094, ECF No. 7; Court No. 14-198, ECF No. 6. In October 2017, the Court transferred the Subject Actions to the Customs Case Management Calendar after amended Rule 83 (creating the Customs Case Management Calendar) took effect. Court No. 13-052, ECF No. 14; Court No. 14-094, ECF No. 11; Court No. 14-198, ECF No. 9. In October 2019, the Court extended the time for the Subject Actions to remain on the Customs Case Management Calendar to October 31, 2021. Court No. 13-052, ECF No. 20; Court No. 14-094, ECF No. 18; Court No. 14-198, ECF No. 15. On October 31, 2021, the Subject Actions will have remained on the Customs Case Management Calendar for 48 months, the maximum amount of time permitted under Rule 83(d).

Since the Federal Circuit issued its mandate in *Janssen*, Plaintiff and Defendant have been working to calculate the amount of duty to be refunded to Plaintiff in connection with the entries at issue in the Litigated Case and the Subject Actions. As of the date of this Consent Motion, the parties continue to discuss those figures.

## DISCUSSION

The Court should assign the Subject Actions to Judge Choe-Groves and stay them while the parties complete the process of determining the duty refund owed to Plaintiff. Such action is necessary because, absent proper removal of the Subject Actions from the Customs Case Management Calendar by October 31, 2021, *see* Rule 83(b), the Subject Actions will "be dismissed for lack of prosecution," Rule 83(d). Dismissal of the Subject Actions would mean that the Court would lose jurisdiction to ensure that Plaintiff obtains full relief on the entries at issue in the Subject

3

Actions. Accordingly, Plaintiff requests that the Court take this administrative step to prevent dismissal of the Subject Actions while the parties work to arrive at the proper amount of recovery due to Plaintiff.

## I. The Court Should Assign The Subject Actions to Judge Choe-Groves

The Chief Judge may remove an action from the Customs Case Management Calendar upon assignment of an action to a judge. Rule 83(b). The Chief Judge may assign an action "at any time . . . on motion for good cause shown." Rule 77(e)(3).

Good cause supports assignment of the Subject Actions to Judge Choe-Groves. Judge Choe-Groves presided over *Janssen*, the Litigated Case that resolved the same classification issue raised in the Subject Actions. Defendant agrees that the entries of darunavir ethanolate over which this court has jurisdiction in the Subject Actions should fall under the same classification as the entries at issue in the Litigated Case. Judge Choe-Groves is therefore familiar with the issues in the Subject Actions.

Moreover, as explained above, the parties continue to work towards a resolution that would address recovery due to Plaintiff on entries at issue in the Litigated Case and the Subject Actions. In the unlikely and unfortunate situation that a dispute remains among the parties over one or more terms, the disagreement would be best resolved by Judge Choe-Groves, given her familiarity with the underlying issues. Having Judge Choe-Groves concurrently preside over the final resolution of the recovery due in both the Litigated Case and the Subject Actions will ensure "the just, speedy, and inexpensive" resolution of these actions, given the overlap in the classification and refund issues. Rule 1.

13098827

## II.     The Court Should Stay the Subject Actions

The Court should both assign the Subject Actions to Judge Choe-Groves *and* stay the deadlines in the Subject Actions so that the parties may have sufficient time to concurrently, consistently, and fully resolve all of the refund issues across these actions.

Plaintiff's counsel represents that the Subject Actions involve the same significant question of law or fact as the Litigated Case.[2]  The issues in these actions are therefore sufficiently common to warrant a stay of the Subject Actions.

Finally, the Subject Actions should also be stayed because the refund calculations are complex and will require adequate time to resolve.  Drawback claims were filed for many of the entries in dispute in the Litigated Case and the Subject Actions, and accelerated payment of estimated drawback for certain entries has already been issued, thereby complicating the calculation of the refunds owed.  Calculating interest owed on the refunded duties likewise is a complex undertaking.  The Court should therefore stay the Subject Actions so that the parties have sufficient time to complete these accounting tasks consistently and fully across all actions.

---

[2] The Government takes no position on the issue of the Court's jurisdiction over the Subject Entries at this time.

13098827

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Consent Motion.

      Respectfully submitted,

      /s/ Gregory L. Diskant
      Gregory L. Diskant

      PATTERSON BELKNAP WEBB & TYLER LLP

      /s/ Lars-Erik A. Hjelm
      Lars-Erik A. Hjelm

      AKIN GUMP STRAUSS HAUER & FELD LLP

      *Counsel to Plaintiff Janssen Ortho LLC*

Dated:  October 27, 2021

13098827

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| JANSSEN ORTHO LLC,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>            Defendant. | Court No. 13-00052 |
| JANSSEN ORTHO LLC,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>            Defendant. | Court No. 14-00094 |
| JANSSEN ORTHO LLC,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>            Defendant. | Court No. 14-00198 |

**ORDER**

Upon consideration of Plaintiff's Consent Motion to Assign Subject Actions and Stay Such Actions and all other pertinent papers, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**;

13098827

2

**ORDERED** that Court Nos. 13-00052, 14-00094, and 14-00198 are assigned to the Honorable Jennifer Choe-Groves; and it is further

**ORDERED** that Court Nos. 13-00052, 14-00094, and 14-00198 are stayed.


Dated: _____                           _____
        New York, NY                                          Mark A. Barnett, Chief Judge

13098827